**UNITED STATES of America, Plaintiff,**

v.

**William Thomas WARREN, Defendant.**

**No. CIV.A. 7:04CR00021.**

United States District Court, W.D. Virginia, Roanoke Division.

March 15, 2005.

Lloyd Bradford Braford, L. Brad Braford, PC, Roanoke, VA, for Defendant.

Jennie L. M. Waering, United States Attorneys Office, Roanoke, VA, for Plaintiff.

## MEMORANDUM OPINION

CONRAD, District Judge.

This matter is before the court on a request from the Assistant United States Attorney, Jennie Waering, at a hearing on January 18, 2005, that the court consider whether a single wire transfer into a bank account of the defendant, William Warren, received after the execution of a seizure warrant on that account may be returned to the investor who authorized the wire transfer. For the reasons set forth below, the court finds that the sums received after the execution of the seizure warrant must be included as a lump sum with the funds of all other investors and may not be separately returned to the particular investor who authorized the transfer of the funds.

On January 28, 2004, law enforcement officers executed a seizure warrant against seventeen accounts in the name of either the defendant or one of his business entities. Included in that list of accounts were several bank accounts at SunTrust Bank in Roanoke, Virginia. A United States serviceman who was serving in Cuba at the time and who had previously invested funds with the defendant decided to invest an additional $15,000. Those funds were sent by wire transfer to one of the defendant's SunTrust bank accounts on February 5, 2004, several days after the execution of the seizure warrant by law enforcement officers. This serviceman has apparently indicated to the government that he would like to have the $15,000 released from the account and returned to him.

In one case, funds deposited in an account after the execution of a freeze order were directly returned to the parties who sent the funds rather than being lumped in with the assets which were to be returned to all investors on a pro-rata basis. *Anderson v. Stephens*, 875 F.2d 76 (4th Cir.1989). In *Anderson*, the Court held that the freeze order in that case "implicitly prohibited *any* bank activity with regard to the [bank account]." 875 F.2d at 79–80 (emphasis in original). While the Court noted that the language of the freeze order did not specifically prevent deposits to the account, the Court nevertheless held that, because the language of the freeze order was ambiguous, it had a duty "to construe the order to give it full effect." *Id.* at 80. In that case, the court found that "the purpose of the order was to stop all activity of the [ ] account." *Id.* As a result, the Court held that any funds deposited after the freeze order took effect could be rightfully retrieved. *Id.*

By contrast, in this case, the seizure warrant lists the relevant bank accounts, including the SunTrust accounts, and states that certain property is subject to seizure including: "all principal, deposits, interest, dividends, and other amounts credited to the following accounts, *including amounts credited on and after execution of this Warrant up to final liquidation of the accounts.*" (Emphasis added). Therefore, unlike the freeze order in *Anderson*, the seizure warrant in this case uses language that specifically addresses deposits received after the execution of the warrant and includes them in the property that is subject to seizure. The language does not indicate an intent to stop all activity in the accounts, including the accounts at SunTrust Bank. As a result, any deposits received after January 28, 2004, including the wire transfer at issue here, are properly included in the total seized and held for possible forfeiture depending on the outcome of the defendant's case. The government's request to return the $15,000 wire transfer will be denied.

The Clerk is directed to send certified copies of this Memorandum Opinion and

accompanying Order to all counsel of record.

### *ORDER*

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED

that the government's request to return $15,000 received by wire transfer in a bank account controlled by the defendant subsequent to the seizure of the account pursuant to a lawful seizure warrant shall be and hereby is DENIED.

The Clerk is directed to send certified copies of this Order to all counsel of record.